IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD., <br><br> Movants, <br><br> v. <br><br> HERTSEL AKHAVAN and FERIDOON GHASSABIAN <br><br> Non-movants. | Case No. <br><br> **COMPLAINT** |

Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA"), (collectively, "Samsung"), complaining of the non-responding parties, allege and say:

**PARTIES**

1. SEC is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 129, Samsung-ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Republic of Korea.

2. SEA is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

3. Non-moving party Hertsel Akhavan is an individual that, on information and belief, resides in the State of New York. Mr. Hertsel Akhavan was served with a subpoena at 165 Grist Mill Lane, Great Neck, New York 11023.

4. Non-moving party Feridoon Ghassabian is an individual that, on information and belief, resides in the State of New York. Mr. Feridoon Ghassabian was served with a subpoena at 17 Gilbert Road, Great Neck, New York 11024.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this is a miscellaneous action ancillary to *Keyless Licensing LLC v. Samsung Electronics America, Inc.*, No. 2:24-cv-00464-JRG (E.D. Tex.), which is a patent infringement case that arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

6. Mr. Hertsel Akhavan is subject to this Court's personal jurisdiction consistent with the principles of due process and/or the New York Long Arm Statute.

7. Mr. Feridoon Ghassabian is subject to this Court's personal jurisdiction consistent with the principles of due process and/or the New York Long Arm Statute.

8. This Court has personal jurisdiction over Mr. Hertsel Akhavan because, on information and belief, he resides in New York and because he was served with a subpoena in New York.

9. This Court has personal jurisdiction over Mr. Feridoon Ghassabian because, on information and belief, he resides in New York and because he was served with a subpoena in New York.

10. Venue is proper in this Court because, pursuant to Fed. R. Civ. P. 37(a)(2), a motion for an order to a nonparty must be made in the court where the discovery is or will be taken, and the discovery will be taken in the Eastern District of New York.

## STATEMENT OF FACTS

11. Plaintiff Keyless Licensing LLC ("Keyless") brought a suit for patent infringement against Samsung in the United States District Court for the Eastern District of Texas. *See Keyless Licensing LLC v. Samsung Elecs. Am., Inc.*, No. 2:24-cv-00464-JRG, Dkt. 1 (E.D. Tex. June 20, 2024). Keyless accuses Samsung of infringing three patents, one of which is

U.S. Patent No. 11,503,144 ("the '144 patent"). Benjamin Ghassabian is the sole inventor named on the '144 patent and one of the representatives of Keyless in the litigation.

12. On December 3, 2025, subpoenas were issued on behalf of Samsung pursuant to Fed. R. Civ. P. 45. for Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian.

13. The subpoena was served on Mr. Hertsel Akhavan on December 3, 2025.

14. The subpoena was served on Mr. Feridoon Ghassabian on December 4, 2025.

15. The subpoenas commanded Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian to produce documents by December 17, 2025, and to provide testimony at a mutually agreed on date and time.

16. Mr. Hertsel Akhavan belatedly produced three documents on February 1, 2026. His counsel has been unwilling to make him available for a deposition.

17. Mr. Feridoon Ghassabian belatedly produced one document on January 26, 2026. His counsel has been unwilling to make him available for a deposition.

18. Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian have failed to comply with the subpoenas.

19. Counsel for Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian, who represents Keyless, have not identified any specific burden that would preclude the limited depositions Samsung seeks. Though Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian's counsel has claimed the documents they produced speak for themselves, Samsung is entitled to obtain discovery on the patent transfers involved in those documents, including their full context.

20. Samsung has attempted in good faith to resolve the disputes without court intervention.

21. Samsung repeatedly emailed with counsel for Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian, explaining that it could not decide whether to move forward with a deposition until Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian responded to the subpoena for documents. Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian have both produced documents for the first time within the last week.

22. Fact discovery in the proceeding between Keyless and Samsung closes on February 2, 2026. Between January 30 and February 1, 2026, Samsung informed counsel for Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian that, unless counsel agreed to make them available for depositions, Samsung would need to seek court intervention.

23. After counsel for Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian refused, Samsung asked for a meet and confer on February 2, 2026. Counsel refused to make themselves available to meet and confer on the issue.

24. Despite Samsung's good-faith efforts, Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian have failed to comply with the subpoena and provide the requested testimony.

25. Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian have not provided any valid legal justification for the failure to comply.

26. Movant requires the testimony sought by the subpoena for information related to patent damages in the ongoing patent infringement case between Keyless and Samsung. Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian were involved in a company called Classicom L.L.C., which owned an interest in several patents and patent applications by Mr. Benjamin Ghassabian, the sole named inventor in the three patents that Keyless asserts against Samsung. Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian were involved in an agreement

that resulted in the transfer of patent rights. Samsung is entitled to discovery to determine whether these patent transfers impact the value of the asserted patents in the case.

27. Additionally, according to publicly available documents, Classicom was attempting to commercialize purported inventions by Mr. Benjamin Ghassabian. Samsung is entitled to discovery to determine whether any attempts to commercialize these purported inventions impact the value of the asserted patents in the case.

28. Samsung has been prejudiced by Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian's failure to comply because it has no other means of obtaining this discovery. Keyless's corporate witness, who was designated to testify on these topics, could not provide any context related to these issues.

## CLAIM FOR RELIEF

### Count I
### Motion to Compel Compliance with Subpoena Pursuant to Fed. R. Civ. P. 37 Against Mr. Hertsel Akhavan

29. Samsung repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

30. A valid subpoena was issued. The subpoena complies with the requirements of Fed. R. Civ. P. 45 and was properly served on Mr. Hertsel Akhavan.

31. The subpoena required Mr. Hertsel Akhavan to provide testimony.

32. The subpoena stated that Mr. Hertsel Akhavan is "COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action."

33. The deposition is limited in scope to Mr. Hertsel Akhavan's knowledge related to Classicom and certain associated patent transfers. Samsung expects the deposition to last no more than a half day.

34. The deadline for compliance has passed.

35. The subpoena required compliance by at a mutually agreed on date, and Mr. Hertsel Akhavan has refused to provide any available dates.

36. The subpoena was served nearly two months ago. Samsung gave an extension to comply with the document subpoena, and Mr. Hertsel Akhavan exceeded that extension.

37. Mr. Hertsel Akhavan failed to comply without valid legal justification.

38. Mr. Hertsel Akhavan has raised objections that are not legally valid.

39. Samsung has made a good faith effort to resolve the dispute without court intervention, as detailed above.

40. Samsung has standing to seek enforcement of the subpoena. Samsung is a party to the ongoing litigation for which discovery is sought. Samsung has a direct interest in obtaining the discovery sought.

## Count II
### Motion to Compel Compliance with Subpoena Pursuant to Fed. R. Civ. P. 37 Against Mr. Feridoon Ghassabian

41. Samsung repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

42. A valid subpoena was issued. The subpoena complies with the requirements of Fed. R. Civ. P. 45 and was properly served on Mr. Feridoon Ghassabian.

43. The subpoena required Mr. Feridoon Ghassabian to provide testimony.

44. The subpoena stated that Mr. Feridoon Ghassabian is "COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action."

45. The deposition is limited in scope to Mr. Feridoon Ghassabian's knowledge related to Classicom and certain associated patent transfers. Samsung expects the deposition to last no more than a half day.

46. The deadline for compliance has passed.

47. The subpoena required compliance by at a mutually agreed on date, and Mr. Feridoon Ghassabian has refused to provide any available dates.

48. The subpoena was served nearly two months ago. Samsung gave an extension to comply with the document subpoena, and Mr. Feridoon Ghassabian exceeded that extension.

49. Mr. Feridoon Ghassabian failed to comply without valid legal justification.

50. Mr. Feridoon Ghassabian has raised objections that are not legally valid.

51. Samsung has made a good faith effort to resolve the dispute without court intervention, as detailed above.

52. Samsung has standing to seek enforcement of the subpoena. Samsung is a party to the ongoing litigation for which discovery is sought. Samsung has a direct interest in obtaining the discovery sought.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully requests that this Court

A. Enter an order compelling Mr. Hertsel Akhavan and Mr. Feridoon Ghassabian to comply fully with the subpoena to appear for deposition within fourteen days of the Court's order

B. Grant such other relief as the Court deems just and proper.


Dated: February 3, 2026                    Respectfully submitted,


                                            /s/ Robert C. Brady
                                           Robert C. Brady
                                           **THE LAW OFFICES OF ROBERT C. BRADY, P.C.**
                                           3 Main Street
                                           Newton, NJ 07860
                                           (973) 467-1887

rbrady@bobbradylaw.com

Parmanand K. Sharma *(to be admitted pro hac vice)*
Christopher T. Blackford *(to be admitted pro hac vice)*
Cara E. Regan *(to be admitted pro hac vice)*
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
parmanand.sharma@finnegan.com
christopher.blackford@finnegan.com
cara.regan@finnegan.com

Charles H. Suh (*to be admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, 8th Floor
Reston, VA 20190-6023
(571) 203-2700
charles.suh@finnegan.com

Robert K. High (*to be admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th St. NW Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400
robert.high@finnegan.com

**ATTORNEYS FOR
SAMSUNG ELECTRONICS CO., LTD. &
SAMSUNG ELECTRONICS AMERICA, INC.**